**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:21-cr-60253-KMM

UNITED STATES OF AMERICA

v.

LAWRENCE ALEXANDER and
DEAN ZUSMER,

    Defendants.
_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendant Lawrence Alexander's ("Alexander") Motion to Dismiss Count 19 of the Indictment for Failure to State an Offense (ECF No. 101). Defendant Dean Zusmer ("Zusmer") filed an unopposed motion to adopt Alexander's Motion (ECF No. 118), as applied to Count 21 of the Indictment.[1] The Government filed a response in opposition (ECF No. 123), to which Alexander filed a reply (ECF No. 145).[2] The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions (ECF Nos. 37, 51, 82). A hearing on the Motion was held on October 7, 2022. Having reviewed the Motion, the Response, the Reply, the record as a whole, and with the benefit of oral argument, the undersigned **RECOMMENDS** that the Motion (ECF No. 101) be **DENIED** as to Count 19 (Alexander) and Count 21 (Zusmer).

---

[1] The undersigned **RECOMMENDS** that the Motion to Adopt (ECF No. 118) be **GRANTED** to that extent. Accordingly, the Court uses "Motion" in this Report and Recommendation in reference to the arguments advanced in the Motion to Dismiss (ECF No. 101).
[2] Zusmer did not file a reply.

1

I.  **BACKGROUND**

This is a criminal prosecution arising from the reimbursement for allegedly medically unnecessary durable medical equipment ("DME"). On August 31, 2021, a grand jury sitting in the Southern District of Florida returned an Indictment charging Alexander and Zusmer with: conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349 (Zusmer); health care fraud, in violation of 18 U.S.C. § 1347 (Zusmer); conspiracy to defraud the United States and pay and receive health care kickbacks, in violation of 18 U.S.C. § 371 (Alexander and Zusmer); payment of kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A) (Zusmer); and, as relevant here, false statements relating to health care matters, in violation of 18 U.S.C. § 1035 (Count 19 as to Alexander, and Count 21 as to Zusmer). Trial is currently set to begin during the two-week trial period commencing November 7, 2022. (ECF No. 128).

Count 19 of the Indictment charges Alexander with making false statements in connection with a health care matter. Count 19, which incorporates paragraphs 1 through 20 and 27 through 40 of the General Allegations section of the Indictment, charges as follows:

> On or about January 14, 2019, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, JEREMY WAXMAN and LAWRENCE ALEXANDER, in a matter involving a health care benefit program, that is, Medicare, did knowingly and willfully make and use a materially false, fictious, and fraudulent writing and document, knowing the same to contain a materially false, fictious, and fraudulent statement and entry, in connection with the delivery and payment for health care items and services, that is, signing and submitting to Medicare a CMS Form 855S certifying that Nominee Owner 1 was the sole owner and managing employee of Silent Hill, when, in truth and in fact, as defendants then and there well knew, Nominee Owner 1 was not the sole owner and managing employee of Silent Hill because WAXMAN and ALEXANDER were also owners and managing employees of Silent Hill.
>
> In violation of Title18, United States Code, Sections 1035(a)(2) and 2.

(ECF No. 1 at 31).

Like Count 19, Count 21 of the Indictment charges Zusmer with making false statements in connection with health care matters. Count 21 incorporates the same paragraphs from the General Allegations section of the Indictment as Count 19, and charges Zusmer as follows:

> On or about June 19, 2018, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, JEREMY WAXMAN and DEAN ZUSMER, in a matter involving a health care benefit program, that is, Medicare, did knowingly, and willfully make and use a materially false, fictious, and fraudulent writing and document, knowing the same to contain a materially false, fictious, and fraudulent statement and entry, in connection with the delivery and payment for health care items and services, that is, signing and submitting to Medicare a CMS Form 855S certifying that ZUSMER was the sole owner and managing employee of Active Assist, when, in truth and fact, as defendants then and there well knew, ZUSMER was not the sole owner and managing employee of Active Assist because WAXMAN was also an owner and managing employee of Active Assist.
>
> In violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

(ECF No. 1 at 32–33).

Now, Defendants move to dismiss Counts 19 and 21 of the Indictment, arguing that the Medicare enrollment forms (CMS Form 855S) identified in the Indictment do not constitute a payment claim submission made in connection with health care items or services within the meaning of 18 U.S.C. § 1035(a)(2).[3]

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment. Fed. R. Crim. P. 12(b). "[A] defendant may challenge an indictment on a variety of . . . grounds, including for failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012). Motions attacking a defect in instituting the

---

[3] Zusmer has moved to adopt Alexander's Motion to Dismiss as applied to Count 21 of the Indictment, because the legal issues articulated in the Motion to Dismiss as to Count 19 also apply as to Count 21. *See* (ECF No. 118).

3

prosecution or in the indictment itself, among other bases, must be made prior to trial. Fed. R. Crim. P. 12(b)(3). Where a criminal defendant moves to dismiss an indictment because the court lacks jurisdiction, they may do so "at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). While an indictment may be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss an indictment on a "determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).

### III. DISCUSSION

Defendants argue that Counts 19 and 21 of the Indictment must be dismissed because they fail to state an offense. The crux of Defendants' argument is that the statute under which they are charged, 18 U.S.C. § 1035(a)(2), criminalizes false statements made in connection with specific Medicare claims billing, not mere applications to become a Medicare provider. That is, Defendants assert that statements on Medicare provider enrollment applications, including CMS Form 855S, do not by themselves constitute false statements chargeable under § 1035(a)(2). Rather, Defendants argue that § 1035(a)(2) is directed at false billing and making entries in connection with false billing. (ECF No. 101 at 4) (citing *United States v. Melgen*, 967 F.3d 1250, 1256 (11th Cir. 2020)). Relying in part on cases brought under the federal False Claims Act, Defendants assert that the Medicare provider enrollment forms identified in the Indictment do not relate to specific Medicare billing and instead relate to general participation in Medicare. Defendants contend that CMS Form 855S Medicare Enrollment forms are not made or submitted in connection with any billing and so do not satisfy the nexus required of § 1035(a)(2), which applies only to billing and service matters. Defendants also assert that Counts 19 and 21 fail to

state an offense to the extent they charge background conduct.

The Government responds that Defendants' argument presents a factual dispute "squarely within the province of the jury." That is, whether the alleged false statements on Defendants' DME company CMS Form 855S provider enrollment forms are "in connection with the delivery of or payment for health care benefits, items, or services," under § 1035. (ECF No. 123 at 6). To that end, the Government asserts that, at the trial, it will present evidence and testimony that (i) Medicare would not pay claims submitted by Defendants' DME companies if Medicare had known that the identities of the true owners and managers had been concealed, (ii) truthfulness regarding entity ownership is material to claims payment, and (iii) the purpose of concealing entity ownership identity is to maximize revenue from Medicare. The Government cites cases broadly construing the phrase "in connection with" used in § 1035, *United States v. Sivchuk*, No. CRIM.A. 11-078-03, 2012 WL 2328143 (E.D. Pa. June 13, 2012), and affirming a conviction under § 1035 involving false statements made on a Medicare provider enrollment form, *United States v. Ary-Berry*, 424 F. App'x 347, 350 (5th Cir. 2011). The Government further argues that Defendants' reliance on cases interpreting the False Claims act is inapposite.

In his Reply, Alexander characterizes the Government's arguments against dismissal as permitting the prosecution under § 1035 of any false statement made to Medicare. He attempts to distinguish *Sivchuk* and *Ary-Berry* from the facts of this case.

    **A.**    **Sufficiency of an Indictment**

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to

charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis omitted). "In determining whether an indictment is sufficient, [courts] read it as a whole and give it a 'common sense construction.'" *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009). "An indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) (quoting *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998)). It is generally enough for an indictment to track statutory language, as long as the indictment sets forth all the elements necessary to constitute the offense intended to be punished, *United States v. Johnson*, 981 F.3d 1171, 1179 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 567 (2021), and "also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007).

### B.   Application

First, I observe that Counts 19 and 21 directly track the language of § 1035(a)(2). The statute reads in relevant part as follows:

> (a) Whoever, in any matter involving a health care benefit program, knowingly and willfully . . . (2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1035(a)(2). Both Count 19 and Count 21 recite this language nearly verbatim. Counts 19 and 21 further specify the false writing or document, and the false statements therein, charged as violating § 1035. For Alexander, the false document and statement alleged is identified as "signing and submitting to Medicare a CMS Form 855S certifying that Nominee Owner 1 was the

6

sole owner and managing employee of Silent Hill, when . . . Nominee Owner 1 was not the sole owner and managing employee of Silent Hill," and for Zusmer, the false document and statement alleged is "signing and submitting to Medicare a CMS Form 855S certifying that ZUSMER was the sole owner and managing employee of Active Assist, when . . . ZUSMER was not the sole owner and managing employee of Active Assist[.]"  The Indictment further sets forth and incorporates into Counts 19 and 21 the following factual allegations: (i) a provider is required to submit a Medicare enrollment application CMS Form 855S to participate in Medicare; (ii) a provider enrollment form requires applicants to disclose individuals or organizations with ownership or partnership interests in a DME supplier; (iii) upon approving an enrollment application, Medicare assigns a provider a "provider number" that enables the provider to submit claims to Medicare for reimbursement  (Indictment ¶¶ 9–10, 13).  Accordingly, I find that Counts 19 and 21 are facially sufficient as charged.

Second, I reject Defendants' attempts to define "in connection with the delivery of or payment for health care benefits, items, or services" in § 1035 based on caselaw interpreting the federal False Claims Act—a statute not at issue in this case. *See also* (ECF No. 145 at 1) (stating that the Government's argument "would read out of the statute its in-connection-with-billing component").

Third, I find that Defendants' arguments are not properly raised as a challenge to the sufficiency of the Indictment because they, instead, raise a challenge to the sufficiency of the evidence.  As noted earlier, the Indictment in this case charges that Defendants falsely concealed, on Medicare provider enrollment forms, the identity of the true owner(s) of the DME companies at issue in this case.  To that end, the Government proffers that, at the trial, it will present evidence and testimony that Medicare would not pay claims submitted by Defendants' DME companies if

Medicare had known the identities of the true owners and managers had been concealed, truthfulness regarding entity ownership is material to claims payment, and the purpose of concealing entity ownership identity is to maximize revenue from Medicare. Defendants cannot here challenge the sufficiency of the Grand Jury's preliminary, probable-cause determination that false statements in the Medicare provider enrollment forms at issue in this case were made "in connection with" the delivery of or payment for health care services. *See Kaley*, 677 F.3d at 1326 ("[A] defendant cannot challenge whether there is a sufficient evidentiary foundation to support the grand jury's probable cause determination."). Accordingly, Defendants' arguments are more properly a challenge to the sufficiency of the evidence. *See* Fed. R. Crim. P. 29.

To the extent Defendants would have the Court decide the sufficiency of the charges as a matter of law and look beyond the face of the Indictment, the Court should decline to do so, as other courts have permitted similar charges to go forward. Indeed, in *United States v. Sivchuk*, No. CRIM.A. 11-078-03, 2012 WL 2328143 (E.D. Pa. June 13, 2012), a case the Government relies on, the court applied a broad reading of the phrase "in connection with the delivery of or payment for health care benefits, items, or services" on a post-trial motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c), challenging the sufficiency of the evidence adduced at trial. There, the indictment identified the false statements as follows:

> defendant ILYA SIVCHUK stated to federal agents that defendant IVAN TKACH worked for Advantage as merely a shop mechanic, knowing full well that defendant IVAN TKACH was the operational manager of the business for the duration of his employment there, whose duties included, among others, hiring and firing employees, handling patient complaints, resolving employee disputes, transporting patients, and billing Medicare.

*Sivchuk*, 2012 WL 2328143, at *1 (quoting indictment). Applying the Third Circuit's broad reading of "in connection with," the court found that there was sufficient evidence for the jury to have found that the statements charged were made in connection with the delivery of or payment

8

for health care benefits under § 1035, where the defendant lied to federal agents about his employee's managerial role when they were investigating whether that employee had defrauded Medicare *and* "should be reinstated as a provider of health-care services, in other words, whether [that employee] ought to be allowed to deliver health-care services and receive payment for health-care services." *Id.* at *4, 9.

Further still, at least one case from outside this Circuit has upheld a conviction under § 1035 of a defendant who made false statements on a provider enrollment form. Specifically, in *United States v. Ary-Berry*, the Fifth Circuit affirmed the conviction of a defendant, who challenged the sufficiency of the evidence in a motion for judgment of acquittal, charged under § 1035 with making false statements regarding her licensure in a provider enrollment form. 424 F. App'x 347, 349–50 (5th Cir. 2011). There, the defendant enrolled with the Office of Workers Compensation in the Department of Labor as a physical therapist even though she was only licensed as a massage therapist. *Id.* at 349. The jury heard evidence that the defendant made this false statement so that she could bill for a broader range of services using provider numbers for physical therapy and DME than she otherwise could using a provider number for massage therapy and consistent with her licensure. *Id.* at 349–50. While the precise issue before the Fifth Circuit was whether the evidence was sufficient to establish the materiality of the defendant's false statements regarding her licensure, the defendant's charges and conviction in *Ary-Berry* stemmed from making false statements in a provider enrollment form.

I reject Defendants' reliance on *United States v. Mermelstein*, 487 F. Supp. 2d 242 (E.D.N.Y. 2007), for the proposition that "courts have rejected efforts to equate provider application[s] with false claim submission." (ECF No. 101 at 6). *Mermelstein* involved false statements made to a state agency in New York investigating the defendant's professional

9

misconduct. *Mermelstein*, 487 F. Supp. 2d at 261 (rejecting as "too attenuated" the government's theory that false statements made in professional misconduct investigation were done so that the defendant could retain his license to practice medicine, and thus the false statements were made "in connection with" the delivery of health care services). Here, the Indictment alleges that Defendants made false statements in Medicare provider enrollment application forms, the result being that Defendants' DME companies could bill Medicare.

For all these reasons, I recommend that the Motion be denied.[4]

## IV.    RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendant Lawrence Alexander's Motion to Dismiss Count 19 of the Indictment for Failure to State an Offense (ECF No. 101) be **DENIED**. The undersigned further **RECOMMENDS** that Defendant Dean Zusmer's Motion to Adopt Codefendant, Lawrence Alexander's Motion to Dismiss Count 19 of the Indictment, as Applied to Count 21 of the Indictment (ECF No. 118), be **GRANTED** to the extent it requests to adopt Alexander's Motion, and **DENIED** to the extent it requests dismissal of Count 21 of the Indictment.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, no later than **October 21, 2022**. The Government's Response shall be due no later than **October 28, 2022**. Failure to timely file objections will bar a de novo determination by the District

---

[4] I further note that Government counsel has identified one other case in this District charging a defendant who had engaged in similar conduct to that alleged here. *See United States v. Pawlak*, No. 9:21-cr-80134-AMC (S.D. Fla. 2022). In *Pawlak*, the defendant was charged by way of information with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and, as relevant here, conspiracy to make a false statement relating to health care matters, in violation of 18 U.S.C. § 371. The information charged that the defendant conspired to make false statements relating to health care matters by committing violations of 18 U.S.C. § 1035(a)(2): submitting CMS Form 855S Medicare provider enrollment forms that bore the names of other persons to conceal that the defendant was the true owner of various DME companies. The defendant pled guilty, and the court accepted the defendant's guilty plea.

Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C)*; see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 12th day of October, 2022.

                                                          _____
                                                          LAUREN F. LOUIS
                                                          UNITED STATES MAGISTRATE JUDGE

cc:      Honorable K. Michael Moore
         Counsel of Record