**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:21-cr-60253-KMM

UNITED STATES OF AMERICA

v.

LAWRENCE ALEXANDER and
DEAN ZUSMER,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS**

    **THIS CAUSE** is before the Court upon Defendants Lawrence Alexander ("Alexander") and Dean Zusmer's ("Zusmer") (collectively, "Defendants") Motion to Dismiss Count 6(b) of the Indictment (ECF No. 226). The Government filed a response in opposition (ECF No. 238), to which Defendants filed a reply (ECF No. 242). The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions (ECF Nos. 37, 51, 82). Having considered the Motion, the Response, the Reply, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 226) be **DENIED**.

**I.**    **BACKGROUND**

    On August 31, 2021, a grand jury sitting in the Southern District of Florida returned a 25-count Indictment, charging five defendants with various health care related conspiracy and substantive offenses arising, as relevant here, from their conduct in the durable medical equipment ("DME") space. (ECF No. 1). Of the five defendants, two defendants (Jeremy Waxman and Ronald

Davidovic) have pled guilty, and one defendant (Umut Vardar) has not appeared to answer the charges alleged in the Indictment. Two defendants (Alexander and Zusmer) are proceeding to trial, which is currently scheduled to commence during the two-week trial period starting December 5, 2022. (ECF No. 251).

The Indictment alleges that Zusmer committed five different criminal offenses: conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); health care fraud, in violation of 18 U.S.C. § 1347 (Count 3); conspiracy to defraud the United States and pay and receive health care kickbacks, in violation of 18 U.S.C. § 371 (Count 6); payment of kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A) (Counts 8, 9, and 12); and making false statements relating to health care matters, in violation of 18 U.S.C. § 1035 (Count 21). Alexander is charged with two criminal offenses: conspiracy to defraud the United States and pay and receive health care kickbacks, in violation of 18 U.S.C. § 371 (Count 6); and, making false statements relating to health care matters, in violation of 18 U.S.C. § 1035 (Count 19).

Alexander and Zusmer previously moved to dismiss Counts 19 and 21 of the Indictment for failure to state an offense. (ECF Nos. 101, 118). The undersigned entered a Report and Recommendation (ECF No. 199), recommending that the district court deny the motion. Alexander also moved for a bill of particulars, pursuant to Federal Rule of Criminal Procedure 7(f) (ECF No. 103), which was denied (ECF No. 215).

Now, Alexander and Zusmer move to dismiss "Count 6(b)" of the Indictment.[1] (ECF No. 226). Broadly, Count 6 of the Indictment alleges that all five defendants in this case conspired to

---

[1] As the Government notes, the Indictment does not contain a Count 6(b), and instead the instant Motion refers to the allegation contained in Paragraph 2(b) of Count 6 on Page 19 of the Indictment. For consistency, the Court refers to the allegation as "Count 6(b)."

defraud the United States and to commit offenses against the United States, specifically to pay and to receive health care kickbacks, in violation of 18 U.S.C. § 371. In relevant part, Count 6 of the Indictment asserts that the defendants

> did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with each other, Individual 1, and others known and unknown to the Grand Jury to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the [Department of Health and Human Services] in its administration and oversight of Medicare and Medicare Advantage; and to commit offenses against the United States, that is:
>
> a. to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare and Medicare Advantage; and
>
> b. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care benefit program, that is, Medicare and Medicare Advantage.

(ECF No. 1 at 18–19).

## II.  LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) governs motions to dismiss an indictment. Fed. R. Crim. P. 12(b). "[A] defendant may challenge an indictment on a variety of . . . grounds, including for failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012). Motions attacking a defect in instituting the prosecution or in the indictment itself, among other bases, must be made prior to trial. Fed. R. Crim. P. 12(b)(3). While an indictment may

be dismissed where there is an infirmity of law in the prosecution, a court may not dismiss an indictment on a "determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992).

### III.  DISCUSSION

In this successive and untimely motion to dismiss, Defendants argue that the conspiracy to receive kickbacks alleged as part of Count 6 of the Indictment is insufficient as charged because it is missing essential factual allegations with respect to Zusmer and Alexander: Defendants contend that the Indictment's general allegations and the allegations specific to Count 6 set forth only that Alexander and Zusmer conspired to pay kickbacks, not to receive them.  Thus, Defendants assert that the conspiracy to receive kickbacks charged in Count 6 is improperly joined with the conspiracy to pay kickbacks (which are both alleged as part of the conspiracy to both defraud the United States and to commit offenses against the United States), as the two kickback conspiracies have internally opposing objects.  Accordingly, Defendants assert that the inclusion of the conspiracy to receive kickbacks in Count 6 violates Federal Rule of Criminal Procedure 8, which permits the joinder of offenses and defendants.  And because, as Defendants argue, the Government cannot proffer evidence justifying the joinder of the conspiracy to pay kickbacks with the conspiracy to receive kickbacks, and no kickback-receipt defendants remain to be tried, severance is insufficient and dismissal of Count 6(b) is warranted to avoid jury confusion and the risk of improper conviction.

The Government first responds that the conspiracy charged as Count 6 had two objects: defrauding the United States, and committing the separate offenses of paying and receiving kickbacks.  In this regard, the Government asserts that the payment of kickbacks necessarily includes the receipt of kickbacks by another person, and Defendants would have known and intended this in

4

furtherance of the alleged scheme, which they participated in as described in the overt acts alleged. Second, the Government asserts that Count 6 is not improperly joined because it charges only one offense—a conspiracy in violation of 18 U.S.C. § 371—that has, as its second object, the goal of committing two offenses. The Government also responds that Count 6 does not violate Rule 8, as the kickback offenses identified as objects of the conspiracy are part of the same common scheme or plan. Moreover, the Government represents that Defendant Umut Vardar, who is charged with substantive receipt of kickbacks, remains to be tried. Last, the Government distinguishes the authority Defendants rely on, arguing that this case should be guided by *United States v. Howard*, 28 F.4th 180 (11th Cir. 2022), and that the Court has already found Count 6 to be exhaustive and legally sufficient.

In reply, Defendants argue that there is no authority that permits the Government to charge a defendant with conspiring to pay kickbacks and also with conspiring to receive kickbacks from himself. Rather, Defendants assert that the Government's Response confirms Defendants are not part of the category of defendants whose goal was to receive kickbacks, and indeed, the Government does not intend prove that Alexander and Zusmer conspired to solicit and receive kickbacks. Defendants reiterate that the joinder of the self-contradictory conspiracy to pay and to receive kickbacks asserted against Defendants runs counter to *United States v. Vernon*, 723 F.3d 1234 (11th Cir. 2013), because, here, the Government advances the position that a defendant who conspires to pay kickbacks necessarily conspires to receive the same kickback being paid to someone else. Further, Defendants argue that the Government's reliance on *Howard* is inapposite and the Government's analysis of *Pinkerton*[2] liability is flawed. Ultimately, Defendants argue that the risk of prejudice from the purportedly ill-defined charges in the Indictment presents a risk of roaming prosecution.

---

[2] *Pinkerton v. United States*, 328 U.S. 640 (1946).

5

### A.     Sufficiency of an Indictment

At bottom, Defendants challenge the sufficiency of Count 6(b). Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis omitted). "In determining whether an indictment is sufficient, [courts] read it as a whole and give it a 'common sense construction.'" *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009).

"An indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) (quoting *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998)). It is generally enough for an indictment to track statutory language, as long as the indictment sets forth all the elements necessary to constitute the offense intended to be punished, *United States v. Johnson*, 981 F.3d 1171, 1179 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 567 (2021), and "also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007). However, "an indictment for conspiracy to commit a criminal offense is not required to be as specific as a substantive count." *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985).

### B.     Application

First, the Motion is untimely. Local Rule 88.9(c) requires that motions "be filed and served within twenty-eight (28) days from the arraignment of the defendant to whom the motion applies,

except that motions arising from a post-arraignment event shall be filed and served within a reasonable time after the event." S.D. Fla. L.R. 88.9. Here, the Motion was filed more than one year after Alexander's and Zusmer's arraignments, which occurred on September 10, 2021, and October 1, 2021, respectively. (ECF Nos. 30, 47).

Second, the Court finds that Count 6 of the Indictment adequately alleges a conspiracy under 18 U.S.C. § 371. To establish a conspiracy under 18 U.S.C. § 371, the Government must prove at trial: "(1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Gonzalez*, 834 F.3d 1206, 1214 (11th Cir. 2016) (quoting *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003)). "The conspiracy to commit an offense against the United States clause of section 371 requires reference in the indictment to other criminal statutes that define the object of the conspiracy." *United States v. Harmas*, 974 F.2d 1262, 1266 n.5 (11th Cir. 1992).

Here, Count 6 of the Indictment alleges that Alexander and Zusmer knowingly and willfully agreed with their co-defendants and others to defraud the United States by obstructing the function of the Department of Health and Human Services.[3] Count 6 also alleges that Alexander and Zusmer knowingly and willfully agreed with their co-defendants and others to commit violations of the Anti-Kickbacks Statute, including paying and receiving kickbacks. And, the Indictment alleges that the five defendants charged in Count 6 committed 24 overt acts in furtherance of the conspiracy.

As to the objects identified in the conspiracy, Count 6 of the Indictment references the separate criminal statutes defining the object of the conspiracy. Specifically, the subpart of the conspiracy directed at committing offenses against the United States references and tracks nearly verbatim the

---

[3] Specifically, using nominee ownership to avoid scrutiny to ensure that the Defendants' co-conspirator could continue to bill Medicare and Medicare Advantage.

language of the Anti-Kickbacks Statutes, 42 U.S.C. §§ 1320a-7b(1)(A), 1320a-7b(2)(A). Further, the Indictment contains extensive general allegations and allegations specific to Count 6 that set out the facts and circumstances comprising the offense charged, *including overt acts committed by named co-defendants/co-conspirators involving the receipt of kickbacks*. *See, e.g.*, (ECF No. 1 at 22 ¶ 11).

Indeed, as noted in the Court's Order denying Alexander's Motion for Bill of Particulars, Count 6 of the Indictment tracks the relevant statutory language, sets out the purposes of the conspiracy charged, describes Defendants' participation in that conspiracy in the manner and means section, and attributes overt acts to Defendants. (ECF No. 215 at 5–6).

Third, while Defendants challenge the sufficiency of Count 6(b) as alleged, their arguments, as with the motion to dismiss Counts 19 and 21, travel on an implicit and premature challenge to the sufficiency of the evidence. Such arguments are not properly raised in a challenge to the sufficiency of the Indictment. For example, that the payor and payee of substantive kickback offenses require the Government to prove different mental states, *see United States v. Shah*, 981 F.3d 920, 926 (11th Cir. 2020) ("[M]otive matters for the payor crime even though it does not for the payee crime."), speaks to the sufficiency of the Government's evidence, and is not properly raised here, *see* Fed. R. Crim. P. 29. And as has been previously noted, Defendants cannot challenge the sufficiency of the Grand Jury's preliminary, probable-cause determination that Defendants conspired to both pay *and* receive kickbacks as part of the conspiracy alleged in Count 6. *See Kaley*, 677 F.3d at 1326 ("[A] defendant cannot challenge whether there is a sufficient evidentiary foundation to support the grand jury's probable cause determination.").

Fourth, to the extent Defendants' Motion appears to travel on the argument that Defendants cannot be properly charged with conspiring to both pay and receive kickbacks from themselves, the Court disagrees. In framing this argument, Defendants appear to narrow the object of the conspiracy

8

alleged as each Defendant conspiring to receive kickbacks "from himself." But there are five defendants charged in Count 6 and more than one defendant allegedly paid and/or conspired to pay kickbacks and more than one of the other defendants allegedly received and/or conspired to receive kickbacks. And the Court rejects Defendants' argument that there are no remaining kickback-receipt co-conspirator defendants who remain to be tried: as the Government notes, co-conspirator/co-defendant Umut Vardar, who is identified in Count 6 as receiving kickbacks, remains to be tried.

In any event, the Eleventh Circuit, in *United States v. Howard*, 28 F.4th 180 (11th Cir. 2022), has rejected challenges to the sufficiency of the evidence adduced at trial and affirmed convictions for defendants charged with conspiracy to defraud the United States *and* to pay and receive kickbacks. There, the three defendants were charged with engaging in a multi-object conspiracy similar to that alleged in this case:

> Bramwell, Howard, and Stone were tried on a seven-count indictment. *Count One charged all three of them with a multi-object conspiracy to defraud the United States and to offer, pay, solicit, and receive health care kickbacks to submit claims to Tricare for prescription compounded drugs, in violation of 18 U.S.C. § 371.* Counts Two and Three charged Bramwell and Stone with receiving health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). Counts Four and Five charged Howard with paying those kickbacks to the two of them, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). Counts Six and Seven also charged Howard with money laundering related to the funds he derived from the kickback scheme, in violation of 18 U.S.C. § 1957.

*United States v. Howard*, 28 F.4th 180, 186–87 (11th Cir. 2022), *cert. denied sub nom. Bramwell v. United States*, No. 21-8092, 2022 WL 4653181 (U.S. Oct. 3, 2022) (emphasis added).[4]

---

[4] Specifically, Count 1 of the indictment in *Howard* alleged that the defendants:

> did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury:
> a. to defraud the United States by impairing, impeding, obstructing and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Defense, Defense Health Agency, in its administration and oversight of the TRICARE program;
> b. to commit an offense against the United States, that is, to violate 42 U.S.C. § 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, in return for referring an individual to a person for the furnishing and arranging for the furnishing

In affirming the convictions on the conspiracy count upon review of the evidence adduced at trial, the Eleventh Circuit noted that "[a] defendant can be convicted of conspiracy even if he did not play a major role in the scheme, did not directly interact with the other co-conspirators, did not participate in every stage of the conspiracy, and did not know all of the details," *id.* at 189 (citing *United States v. Reeves*, 742 F.3d 487, 497–98 (11th Cir. 2014)), and that the government need prove only one of the objects of the conspiracy to support a conviction. *Id.* at 190 (citing *United States v. Medina*, 485 F.3d 1291, 1301 (11th Cir. 2007) ("It bears noting again that although the indictment in this case alleged multiple objects of the conspiracy, only one of those objects needed to be proven to support the conspiracy convictions, meaning it is enough if the defendants conspired to pay or receive kickbacks, even if there was no fraud.").

Moreover, the Court does not agree that *Vernon* supports a finding that Count 6(b) is here duplicitous. 723 F.3d at 1261. In *Vernon*, the defendant argued that six *substantive* anti-kickback counts were duplicitous "because each count did not allege a single crime, but improperly combined two separate crimes: (1) a violation of § 1320a–7b(b)(1), which prohibits *soliciting or receiving* kickbacks, and (2) a violation of § 1320a–7b(b)(2), which prohibits *offering or paying* kickbacks." *Id.* at 1260 (emphasis in original). To that end, the defendant asserted that the jury "may have issued a non-unanimous verdict because some jurors may have convicted him of soliciting or receiving kickbacks . . . while other jurors may have convicted him of the separate crime of offering or paying

---

        of prescription compounded drugs, for which payment may be made in whole and in part b a Federal health care program, that is, TRICARE; and
- c. to commit an offense against the United States, that is, to violate 42 U.S.C. § 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of prescription compounded drugs, for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE.

*United States v. Howard et al.*, No. 6:17-cr-00143-PGB-DCI (M.D. Fla.), Indictment (ECF No. 1 at 6–7).

kickbacks[.]" *Id.* Under a plain-error standard of review, the Eleventh Circuit found that the defendant had suffered no prejudice because there was no danger of a non-unanimous jury verdict on the substantive antikickback counts, as the indictment as a whole and the evidence adduced at trial made clear that the defendant was charged only with offering or paying kickbacks. *Id.* at 1261–62.

Unlike *Vernon*, Count 6 here charges *one conspiracy* with multiple objects, including to commit the offenses of both paying and receiving kickbacks—Count 6 does not allege multiple *substantive* kickback violations combined in one count. And in that regard, the object of the conspiracy alleged in Count 6(b) (and Count 6 as a whole, more generally) is sufficient as alleged, as noted above. Further, the government need only prove one of the objects of the conspiracy alleged in Count 6, each of which is separately identified in that count, to support a conviction under that count. *Howard*, 28 F.4th at 190 (citing *Medina*, 485 F.3d at 1301).

Fifth, joinder is not improper under Federal Rule of Criminal Procedure 8. Federal Rule of Criminal Procedure 8(a) provides that an "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(b) provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Here, the Motion to Dismiss concerns one subpart of one count—Count 6(b)—and Count 6 charges a *single* conspiracy offense with multiple objects. Defendants do not argue that multiple counts or defendants have been improperly joined in the *Indictment*.

For all these reasons, I recommend that the Motion be denied.

## IV.     RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendants Lawrence Alexander and Dean Zusmer's Motion to Dismiss Count 6(b) of the Indictment (ECF No. 226) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, no later than **November 28, 2022**.  The Government's Response shall be due no later than **November 30, 2022**.[5]  Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C)*; see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 21st day of November, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable K. Michael Moore
        Counsel of Record

---

[5] The objection period is shortened in light of the untimeliness of the instant Motion and the approaching trial date.