UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cr-60253-KMM

UNITED STATES OF AMERICA

v.

LAWRENCE ALEXANDER &
DEAN ZUSMER,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Lawrence Alexander ("Alexander") and Dean Zusmer's ("Zusmer") (collectively, "Defendants") Motion to Dismiss Count 6(b) of the Indictment. ("Mot.") (ECF No. 226). The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions. (ECF Nos. 37, 51, 82). Magistrate Judge Louis issued a Report and Recommendation ("R&R") (ECF No. 253), recommending that the Motion be DENIED. *Id.* at 10. Defendants timely filed Objections to the R&R ("Objs.") (ECF No. 259), and the Government filed a Reply (ECF No. 266). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R IN PART.

    I.        FACTUAL BACKGROUND[1]

On August 31, 2021, a grand jury sitting in the Southern District of Florida returned an Indictment charging five defendants with various health care related conspiracy and substantive offenses arising, as relevant here, from their conduct in the durable medical equipment space.

---

[1] The uncontested facts contained herein are variously taken from the Indictment filed in this matter. (ECF No. 1).

(ECF No. 1). Of the five defendants, two have pleaded guilty and one has not appeared to answer the charges alleged in the Indictment. Two of the defendants, Alexander and Zusmer, are proceeding to trial, which is currently scheduled to commence on January 17, 2023.

As relevant to the instant motion, Count 6 charges all five defendants with participating in a conspiracy with two objects: (1) to defraud the United States and (2) to commit two separate but related offenses against the United States, *to wit*, (a) offer and pay kickbacks and (b) solicit and receive kickbacks. *Id.* at 18–19). Specifically, Count 6 of the Indictment asserts that the defendants

> did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with each other, Individual 1, and others known and unknown to the Grand Jury to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the [Department of Health and Human Services] in its administration and oversight of Medicare and Medicare Advantage; and to commit offenses against the United States, that is:
>
> a. to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare and Medicare Advantage; and
>
> b. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care benefit program, that is, Medicare and Medicare Advantage.

*Id.*

## II.  LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III. DISCUSSION

Defendants move to dismiss Count 6b[2] of the Indictment because "[t]he Indictment makes clear that there is no actual allegation on which the government intends to proceed at trial that [Alexander and Zusmer] ever conspired to solicit or receive kickbacks." Mot. at 2. And therefore, the Court should "dismiss or strike the allegations of Count 6(b) as to a conspiracy to solicit

---

[2] As the Government notes, the Indictment does not contain a Count 6(b), and instead the instant Motion refers to the allegation contained in Paragraph 2(b) of Count 6 on page 19 of the Indictment. For consistency, the Court refers to the allegation as "Count 6(b)."

kickbacks as failing to state a properly joined conspiracy offense and as contradicting the exclusive theory of the Indictment that Dr. Alexander and Dr. Zusmer conspired to offer and pay—not solicit and receive—kickbacks." *Id*. Defendants assert that the conspiracy to receive kickbacks as charged in Count 6 is improperly joined with the conspiracy to pay kickbacks. *Id*.

In the R&R, Magistrate Judge Louis recommends that the Court deny Defendants' Motion to Dismiss because, in pertinent part, (1) the Indictment is facially sufficient as charged and (2) joinder is not improper under Rule 8 of the Federal Rules of Criminal Procedure. After a *de novo* review of the record, this Court agrees.

Defendants object to both of Magistrate Judge Louis's findings. *Id*. at 2. The Court addresses those objections in turn.

First, Defendants "object to the conclusion of the R&R that the Indictment and the scope of its allegations in the Count 6(b) conspiracy charge are facially unequivocal and that they should be read without consideration of concessions in the government's response to the motion and related filings and discovery productions." Objs. at 2. Defendants further argue that the language employed in Count 6 is capable of another reading. *Id*.

As discussed above, Count 6 charges Defendants with participating in a conspiracy with two objects: (1) to defraud the United States and (2) to commit two separate but related offenses against the United States, *to wit*, (a) offer and pay kickbacks; and (b) solicit and receive kickbacks. (ECF No. 1 at 18–19). Defendants assert that "the Indictment [] makes clear that there is no actual allegation on which the government intends to proceed at trial that these defendants ever conspired to solicit of receive kickbacks" and therefore the Court should dismiss or strike the allegations of Count 6(b) related to soliciting and receiving—as opposed to offering and paying—kickbacks. Mot. at 2.

4

In judging the sufficiency of an indictment, the Eleventh Circuit has cautioned that courts should give the charging document "a commonsense construction, and its validity is to be determined by practical, not technical, considerations." *United States v. Chalker*, 966 F.3d 1177, 1190 (11th Cir. 2020) (internal quotation marks omitted). In considering a motion to dismiss, the court "is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original). This is because "a court may not dismiss an indictment on a determination of facts that should have been developed at trial." *Id.* (cleaned up); *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (noting that there "is no summary judgment procedure in criminal cases" and that the Federal Rules of Criminal Procedure do not provide "for a pre-trial determination of sufficiency of the evidence" (internal quotation marks omitted)). The Eleventh Circuit thus prohibits district courts from "piercing the pleadings" to resolve the merits of a criminal case because dismissal is appropriate only "where there is an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (cleaned up).

An indictment needn't be elaborate, detailed, or complex. A "plain, concise, and definite written statement of the essential facts constituting the offense charged" is all the Federal Rules require. Fed. R. Crim. P. 7(c)(1). And an indictment comports with the Sixth Amendment so long as it apprises the defendant of the charged conduct and allows him to avoid falling twice into jeopardy. *See Russell v. United States*, 369 U.S. 749, 763–64 (1962) (explaining that the "protections which an indictment is intended to guarantee" include: (1) "whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet"; and (2) "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a

former acquittal or conviction"). An indictment satisfies these constitutional requirements if it "tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *Critzer*, 951 F.2d at 308 (quoting *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

Here, the Court agrees with Magistrate Judge Louis's finding that the Indictment is facially sufficient. To establish a conspiracy under 18 U.S.C. § 371, the Government must prove at trial: "(1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Gonzalez*, 834 F.3d 1206, 1214 (11th Cir. 2016) (quoting *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003)). "The conspiracy to commit an offense against the United States clause of section 371 requires reference in the indictment to other criminal statutes that define the object of the conspiracy." *United States v. Harmas*, 974 F.2d 1262, 1266 n.5 (11th Cir. 1992).

Count 6 alleges that Defendants knowingly and willfully agreed to defraud the United States by obstructing the function of the Department of Health and Human Services. Count 6 also alleges that Defendants knowingly and willfully agreed to commit violations of the Anti-Kickback Statute, including by paying and receiving kickbacks. The Indictment alleges several overt acts in furtherance of the conspiracy. Magistrate Judge Louis notes that "Count 6 of the Indictment tracks the relevant statutory language, sets out the purposes of the conspiracy charged, describes Defendants' participation in the conspiracy in the manner and means section, and attributes overt acts to Defendants." R&R at 8. The Court agrees and adopts the R&R to the extent that it finds the Indictment is facially sufficient.

Defendants also object to the R&R's conclusion that joinder was not improper under Rule 8. Mot. at 6. In the Motion to Dismiss, Defendants argued that the Indictment "fails to allege a sufficient basis to justify joinder of Count 6(a) and Count 6(b)" under Rule 8.

The Court agrees with Magistrate Judge Louis. In *United States v. Welch*, 656 F.2d 1039, 1049 (5th Cir. Sept. 21, 1981)[3], a case to which Defendants cite, the Fifth Circuit found that "[i]t is well settled that the joinder of otherwise separate acts may be allowed when the acts are properly liked by means of a conspiracy charge. The conspiracy charge can serve to provide the common nexus between the acts that is necessary [to] find that those acts are part of a series of acts or transactions." *Id*. at 1051. The Court finds that joinder was not improper where otherwise separate acts—the payment and receipt of healthcare kickbacks by the same people at the same time—were joined in the conspiracy charge. The Court accordingly ADOPTS the R&R to the extent that it finds (1) the Indictment is facially sufficient and (2) joinder was not improper.

## IV.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 259) is ADOPTED IN PART, and Defendants' Joint Motion to Dismiss Indictment (ECF No. 253) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of December, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

[3] Fifth Circuit decisions rendered before October 1, 1981 are adopted by the Eleventh Circuit as binding precedent. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).