UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cr-60253-KMM

UNITED STATES OF AMERICA

v.

LAWRENCE ALEXANDER &
DEAN ZUSMER,

     Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Lawrence Alexander's ("Alexander") Motion to Dismiss Count 19 of the Indictment. ("Mot.") (ECF No. 101). Defendant Dean Zusmer ("Zusmer") filed an unopposed motion to adopt Alexander's Motion to Dismiss (ECF No. 118), as applied to Count 21 of the Indictment. The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, who conducted an evidentiary hearing on October 7, 2022, see (ECF Nos. 37, 51, 82). Magistrate Judge Louis issued a Report and Recommendation ("R&R") (ECF No. 199), recommending that the Motion be DENIED. R&R at 10. Alexander timely filed objections to the R&R ("Alexander. Obj.") (ECF No. 223), as did Zusmer ("Zusmer Obj.") (ECF No. 221). The Government did not file an objection or reply to Defendants' objections, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R IN PART.

I.      **FACTUAL BACKGROUND**[1]

On August 31, 2021, a grand jury sitting in the Southern District of Florida returned an Indictment charging Alexander with, among other things, "False Statements Relating to Health Care Matters" in violation of 18 U.S.C. § 1035 ("Count 19"). Count 19, which incorporates paragraphs 1 through 20 and 27 through 40 of the General Allegations section of the Indictment, charges as follows:

> On or about January 14, 2019, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, JEREMY WAXMAN and LAWRENCE ALEXANDER, in a matter involving a health care benefit program, that is, Medicare, did knowingly and willfully make and use a materially false, fictious, and fraudulent statement and entry, in connection with the delivery and payment for health care items and services, that is, signing and submitting to Medicare a CMS Form 855S certifying that Nominee Owner 1 was the sole owner and managing employee of Silent Hill, when, in truth and in fact, as defendants then and there well knew, Nominee Owner 1 was not the sole owner and managing employee of Silent Hill because WAXMAN and ALEXANDER were also owners and managing employees of Silent Hill.
>
> In violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

(ECF No. 1 at 31).

The Indictment also charges Zusmer with "False Statements Relating to Health Care Matters" in violation of 18 U.S.C. § 1035 ("Count 21"). Count 21, which incorporates paragraphs 1 through 20 and 27 through 40 of the General Allegations section of the Indictment, charges as follows:

> On or about June 19, 2018, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, JEREMY WAXMAN and DEAN ZUSMER, in a matter involving a health care benefit program, that is, Medicare, did knowingly and willfully make and use a materially false, fictious, and fraudulent statement and entry, in connection with the delivery and payment for health care items and services, that is, signing and submitting to Medicare a CMS Form 855S certifying that ZUSMER was the sole owner and managing

---

[1] The uncontested facts contained herein are variously taken from the Indictment filed in this matter. (ECF No. 1).

employee of Active Assist, when, in truth and in fact, as defendants then and there well knew, Nominee Owner 1 was not the sole owner and managing employee of Active Assist because WAXMAN was also an owner and managing employee of Active Assist.

In violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

(ECF No. 1 at 32–33).

## II.     LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.     DISCUSSION

Defendants move to dismiss Counts 19 and 21 of the Indictment because the Counts are facially insufficient. *See generally* Mot. The Indictment charges that the signing and submitting to Medicare of a false or incomplete CMS Form 855S, i.e., an application for enrollment as a provider under Medicare, constituted a "materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services," in violation of 18 U.S.C. § 1035(a)(2). ECF No. 1 at 31–33. Yet, Defendants argue Counts 19 and 21 must be dismissed "[b]ecause the enrollment form does not constitute a payment claim submission and was not made in connection with health care items or services within the meaning of the statute, and because the government's attempt to expand, without precedential support, the scope of billing fraud under Section 1035(a)(2) to enrollment forms that do not pertain to any fraudulent billings exceeds the jurisdictional scope of the statute." Mot. at 2.

In the R&R, Magistrate Judge Louis recommends that the Court deny Defendants' Motion to Dismiss because, in pertinent part, the Indictment is facially sufficient as charged. After a *de novo* review of the record, this Court agrees.

Alexander "objects to the R&R's conclusion that Count 19 is 'facially sufficient as charged.'" Alexander Objs. at 5. Defendant posits he merely submitted Medicare enrollment forms, and "only claim submissions fall within the scope of § 1035 [and] absent a statement made *in connection with* either the delivery of a service or payment for that service, there can be no violation of § 1035." Alexander Objs. at 3. Defendant asserts the enrollment forms are not in connection with either the delivery of a service or a payment for that service and therefore he cannot be charged under § 1035. *Id.* Accordingly, Defendant challenges the sufficiency of the indictment.

In judging the sufficiency of an indictment, the Eleventh Circuit has cautioned that courts should give the charging document "a commonsense construction, and its validity is to be determined by practical, not technical, considerations." *United States v. Chalker*, 966 F.3d 1177, 1190 (11th Cir. 2020) (internal quotation marks omitted). In considering a motion to dismiss, the court "is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original). This is because "a court may not dismiss an indictment on a determination of facts that should have been developed at trial." *Id.* (cleaned up); *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (noting that there "is no summary judgment procedure in criminal cases" and that the Federal Rules of Criminal Procedure do not provide "for a pre-trial determination of sufficiency of the evidence" (internal quotation marks omitted)). The Eleventh Circuit thus prohibits district courts from "piercing the pleadings" to resolve the merits of a criminal case because dismissal is appropriate only "where there is an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (cleaned up).

An indictment needn't be elaborate, detailed, or complex. A "plain, concise, and definite written statement of the essential facts constituting the offense charged" is all the Federal Rules require. Fed. R. Crim. P. 7(c)(1). And an indictment comports with the Sixth Amendment so long as it apprises the defendant of the charged conduct and allows him to avoid falling twice into jeopardy. *See Russell v. United States*, 369 U.S. 749, 763–64 (1962) (explaining that the "protections which an indictment is intended to guarantee" include: (1) "whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet"; and (2) "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a

former acquittal or conviction"). An indictment satisfies these constitutional requirements if it "tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

The Court agrees with the R&R's finding that the Indictment is facially sufficient. The statute at issue imposes criminal liability on anyone who "in any matter involving a health care benefit program, knowingly and willfully makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." 18 U.S.C. § 1035(a)(2). Count 19 directly tracks the language of § 1035(a)(2) and is a "plain, concise, and definite written statement[s] of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). As Magistrate Judge Louis discusses, Count 19 further sets forth factual allegations giving the Defendant notice and appraising him of the charged conduct. The Court will not "pierc[e] the pleadings" to resolve the merits of this criminal case." *Torkington*, 812 F.2d 1347. Further, dismissal is not appropriate because the Court finds no "infirmity of law in the prosecution." *Id*.

The Court agrees and adopts the R&R to the extent it finds the Indictment facially sufficient. Because the Court finds that the Indictment is facially sufficient, the Court adopts Magistrate Judge Louis's recommendation that the Motion to Dismiss be denied.[2]

## IV.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

---

[2] The Court adopts the R&R only to the extent that it finds the Indictment is facially sufficient. Accordingly, the Court declines to address the objections to other portions of the R&R.

ORDERED AND ADJUDGED that the R&R (ECF No. 199) is ADOPTED IN PART, and Defendants' Motion to Dismiss Indictment (ECF No. 101) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *14th* day of December, 2022.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record