Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go into the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find each Defendant guilty beyond a reasonable doubt.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the guilt as to each Defendant.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case as to each Defendant.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that each Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

The Defendants do not have to prove their innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision. But since Defendant Dean Zusmer did testify on his own behalf, you should decide whether you believe his testimony in the same way as that of any other witness. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendants not guilty.

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with Codefendants, accomplices and/or co-conspirators in exchange for their testimony.  Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant, accomplice or co-conspirator would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

As to venue, the government must prove that the offense charged occurred in whole or in substantial part in the Southern District of Florida.

No defendant may be convicted of an offense committed more than five years before the return of the indictment, which was returned in this case on August 31st, 2021.

Thus, in order to find any defendant guilty on any count in the indictment, you must find as to that count that the offense was committed after August 31st, 2016.

With respect to the conspiracy counts charged in Counts 1 and 6, for the conduct to fall within the statute of limitations, you must find at least one overt act in furtherance of that conspiracy to have occurred after August 31st, 2016.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

I will explain the law that you must follow to reach your verdict.  You must follow the law as I explain it to you even if you do not agree with the law.

The indictment charges seven separate crimes, called "counts," against Defendant Dean Zusmer and two separate crimes against Defendant Lawrence Alexander.  Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

As to Defendant Dean Zusmer, Count 1 charges Defendant Dean Zusmer with knowingly and willfully conspiring to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349.  Count 6 charges Defendant Dean Zusmer with knowingly and willfully conspiring to defraud the United States and offer and pay health care kickbacks in violation of 18 U.S.C. § 371. Counts 3, 8, 9, 12, and 21 charge that Defendant Dean Zusmer committed what are called "substantive offenses."  Count 3 charges Defendant Dean Zusmer with health care fraud in violation of 18 U.S.C. § 1347; Counts 8, 9, and 12 charge Defendant Dean Zusmer with payment of kickbacks in connection with a federal health care program in violation of 42 U.S.C. § 1320(a)-7b(b)(2)(A); and Count 21 charges Defendant Dean Zusmer with false statements relating to health care matters in violation of 18 U.S.C. § 1035.

As to Defendant Lawrence Alexander, Count 6 charges Defendant Lawrence Alexander with knowingly and willfully conspiring to defraud the United States and offer and pay health care kickbacks in violation of 18 U.S.C. § 371.  Count 19 charges that Defendant Lawrence Alexander committed a "substantive offense."  Count 19 charges Defendant Lawrence Alexander with false statements relating to health care matters in violation of 18 U.S.C. § 1035.

I will explain the law governing those substantive offenses in a moment.

But first note that Counts 1 and 6 do not charge either Defendant with committing a substantive offense—but rather a conspiracy.  I will also give you specific instructions on conspiracy.

As I have told you, you must consider the case of each Defendant separately and individually.

Count 1 of the indictment charges that Defendant Dean Zusmer conspired to commit health care fraud and wire fraud.  In other words, Defendant Dean Zusmer is charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that Defendant Dean Zusmer willfully conspired to commit <u>both</u> crimes.  It is sufficient if the Government proves beyond a reasonable doubt that Defendant Dean Zusmer willfully conspired to commit <u>one</u> of those crimes.  But to return a verdict of guilty, you must all agree on <u>which</u> of the two crimes Defendant Dean Zusmer conspired to commit.

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.

So, to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

Regarding Count 1, it's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of health care fraud or wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of a conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud and wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also, a person

who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

With respect to Counts 1 and 3, it's a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health- care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, [or to obtain money or property owned by, or under the custody or control of, a health-care benefit program] by using false or fraudulent pretenses, representations, or promises;

(2) the health care benefit program affected interstate commerce;

(3) the false or fraudulent pretenses, representations, or promises related to a material fact;

(4) the Defendant acted willfully and intended to defraud; and

(5) the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity that is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A health care program affects interstate commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree. The Government need not prove that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to do something with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government doesn't have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. The Government also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

With regards to Count 1, it's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2)    the false pretenses, representations, or promises were about a material fact;

(3)    the Defendant acted with the intent to defraud; and

(4)    the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

I previously defined the terms "scheme to defraud," "false" or "fraudulent," "material fact," "intent to defraud" in the previous instructions for Count 1.  Those terms have the same meanings for the purposes of this Count.

Regarding Count 1, the Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.  It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire.   And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

In this case, Count 6 of the Indictment charges that Defendant Dean Zusmer and Defendant Lawrence Alexander conspired to defraud the United States <u>and</u> to offer and pay health care kickbacks. In other words, the Defendants are charged in Count 6 with conspiring to commit <u>two</u> separate substantive crimes.  I will separately explain the elements of those crimes to you.

The Government does not have to prove that the Defendant willfully conspired to commit <u>both</u> crimes.   It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes.   But to return a verdict of guilty, you must all agree on <u>which</u> of the two crimes the Defendant conspired to commit.

Regarding Count 6, it's a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies.

To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery. "Defraud" also means to 'impair, impede, obstruct, or defeat through deceitful and dishonest means, the lawful functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

As I said, Count 6 charges the Defendants with conspiracy to offer and pay kickbacks to induce the referral of Medicare and Medicare Advantage patients by offering and paying remuneration. Defendant Dean Zusmer is charged separately in Counts 8, 9, and 12 with the substantive crimes of paying kickbacks and bribes for the referral of Medicare and Medicare Advantage patients.

Title 42, United States Code, Section 1320a-7b(2)(B) makes it a Federal crime for anyone to offer and pay any remuneration – including a kickback or bribe – to a person to induce such person to purchase, order, arrange for, or recommend purchasing or ordering any item or service that would be paid for, in whole or in part, by a Federal health care program.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt as to the Defendant:

(1)   the Defendant offered or paid any remuneration (including a kickback or bribe) to a person;

(2)   the payment or offer of the remuneration was made to induce the person to purchase, order, arrange for, or recommend purchasing or ordering any item or service paid for, in whole or in part, by a Federal health care program; and

(3)   the Defendant acted knowingly and willfully.

The Government need not prove that the only or primary purpose of the remuneration that was paid was to induce the purchase, order, arrangement or recommendation for an item or service. If the Government proves beyond a reasonable doubt that one of the Defendants' purposes in offering or paying the remuneration was to induce the purchase, order, arrangement, or recommendation, that is sufficient.

The term "remuneration" means the transfer of anything of value from one person or entity to another person or entity.  Remuneration can be paid directly or indirectly, overtly or covertly.

The term "Federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

Again, let me remind you, in Count 6, the Defendants are not charged with offering or paying this type of kickback or bribe, they are charged with conspiring to do so. In Counts 8, 9, and 12, Defendant Dean Zusmer is charged with paying this type of kickback.

In Count 6 of the indictment, the government alleges a conspiracy to offer and pay illegal remuneration. To conspire to offer and pay illegal remuneration, a defendant must first have knowledge of the illegal remuneration scheme, must agree to participate in the scheme, and must have knowledge that the remuneration was unlawful.

As to the Medicare anti-kickback law, there are federal regulations that define what is permissible remuneration and what is illegal remuneration—specifically, illegal kickbacks, bribes or rebates. As relevant to this case, the government asserts that there was an agreement to pay illegal remuneration for referral of patients to doctors for evaluation of the patients' need for durable medical equipment. Specifically, the government alleges that the remuneration was illegal on the theory that it was paid based on per-patient referrals, such that the payment was directly tied to the number of patients referred for medical services. I instruct you that remuneration calculated on a per-patient referral basis amounting to a kickback of part of the payment received as to the referred patient may violate the anti-kickback statute, but other payments, including a written contract, for longer than one year, for services for which payment is not structured based upon the volume of business, would not, under applicable regulations, be improper or illegal remuneration. If the government fails to prove that a defendant was aware of and willfully joined a scheme to engage in impermissible remuneration, the defendant cannot be found guilty of involvement in improper kickbacks.

Regarding Counts 19 and 21, it's a Federal crime to willfully make a false or fraudulent statement in a matter involving a health care benefit program in connection with the delivery or payment of health care benefits, items, or services.

A Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1)   A Defendant made or used a materially false writing or document, as charged, in a matter involving a health care benefit program;

(2)   A Defendant acted willfully, knowing that the writing or document was materially false; and

(3)   The materially false writing or document was made or used in connection with delivery of or payment for health care benefits, items, or services involving a health care benefit program.

A writing or document is "false" when made or used if it is untrue when made and the person making or using it knows it is untrue. The Government doesn't have to show that anyone was, in fact, deceived or misled by the writing or document.

The making or use of a false document is not a crime unless the falsity relates to a "material" fact.

A "material" fact is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

In this case, the alleged false statement relates to a form 855S filed by Medicare provider applicants. To be material as to such a form, the false statement must have a natural tendency to influence or be capable of influencing the decision to approve or deny the request to participate or enroll as a provider of services or supplier under a Federal health care program.

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Count 3 and Defendant Zusmer, if you have first found Defendant Zusmer guilty of the crime of conspiracy as charged in Count 1, you may also find that Defendant guilty of the crime charged in Count 3 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:

(1)     during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)     the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and the Defendant acted knowingly and willfully;

(3)     it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

Regarding Counts, 8, 9, 12, and 21 and Defendant Zusmer, if you have first found Defendant Zusmer guilty of the crime of conspiracy as charged in Count 6, you may also find that Defendant guilty of any of the crimes charged in Counts 8, 9, 12, and 21 even if you find the Defendant did not personally participate in the crime.  To do so, you must find beyond a reasonable doubt:

(1)     during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)     the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and the Defendant acted knowingly and willfully;

(3)     it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

Finally, regarding Count 19 and Defendant Alexander, if you have first found Defendant Alexander guilty of the crime of conspiracy as charged in Count 6, you may also find Defendant

Alexander guilty of Count 19 even if you find the Defendant did not personally participate in the crime.  To do so, you must find beyond a reasonable doubt:

(1)     during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)     the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and the Defendant acted knowingly and willfully;

(3)     it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of others requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains a controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a Defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the Defendant (1) actually knew about the controlled substance, or (2) had every reason to know but closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

You'll see that the Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The indictment charges offenses committed knowingly *and* willfully. The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident. The word "willfully" means that the act was done purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

Each count of the indictment charges a separate crime against one or more of the Defendants.  You must consider each crime and the evidence relating to it separately.  And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.